UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN P. FOREMAN,

        Petitioner,

v.                                                  Case Number 16-13823
                                                    Honorable David M. Lawson

J.A. TERRIS,

        Respondent.
_____/

## ORDER TRANSFERRING SECOND OR SUCCESSIVE MOTION TO VACATE SENTENCE TO THE UNITED STATES COURT OF APPEALS

      This matter is before the Court on the petitioner's motion to vacate his sentence filed under the authority of 28 U.S.C. § 2241 and 2255. The petitioner has filed several prior motions under both section 2241 and section 2255, all of which have been summarily denied. Moreover, the Sixth Circuit previously has denied authorization for the petitioner to file a second or subsequent motion under section 2255. Because the present motion is no less than the fourth such attempt by the petitioner to mount a collateral attack on his sentence via 28 U.S.C. § 2255, the Court must transfer the case to the court of appeals for a determination whether the petitioner may file a successive motion. 28 U.S.C. §§ 2255(h), 2244(b)(3)(A).

      This is not the first post-conviction challenge the petitioner has mounted against his convictions and sentences. His journey began when he pleaded guilty in the Western District of Michigan to possession with intent to distribute cocaine base, possession with intent to distribute cocaine, and possessing a firearm in furtherance of a drug trafficking crime under a plea agreement. He was sentenced to concurrent prison terms totaling 240 months on the drug convictions and a consecutive term of 60 months for the firearm offense. His appeal to the Sixth Circuit was dismissed

because his plea agreement contained a waiver of his appeal rights. *United States v. Foreman*, No. 06-2192 (6th Cir. Sept. 6, 2007).

In 2008, the petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, and that motion was denied by the district court. *Foreman v. United States*, No. 08-01115 (W.D. Mich. July 19, 2010). The Sixth Circuit denied a certificate of appealability *Foreman v. United States*, No. 10-2415 (6th Cir. June 3, 2011).

In 2010, the petitioner moved to withdraw his guilty plea on the firearm count. The trial court construed the motion as a second or successive motion to vacate and transferred the matter to the Sixth Circuit. *United States v. Foreman*, No. 06-00030 (W.D. Mich. Aug. 19, 2010). The petitioner appealed, but the Sixth Circuit dismissed his appeal for want of prosecution. *In re Foreman*, No. 10-2077 (6th Cir. Oct. 13, 2010).

The petitioner also filed a motion pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend the trial court's decision denying his motion to vacate sentence, which was denied in part and transferred to the Sixth Circuit as a second or successive motion to vacate sentence. *Foreman v. United States*, No. 08-01115 (W.D. Mich. Oct. 18, 2010). The Sixth Circuit remanded the case for consideration of all of Petitioner's claims. *In re Foreman*, No. 10-2370 (6th Cir. Nov. 1, 2011). On remand, the trial court denied relief on the remaining claims. *Foreman v. United States*, No. 08-01115 (W.D. Mich. Aug. 14, 2012). The Sixth Circuit thereafter denied a certificate of appealability. *Foreman v. United States*, No. 12-2202 (6th Cir. March 13, 2013).

The petitioner subsequently filed five more habeas petitions in federal court, all of which were summarily dismissed. *Foreman v. Terris*, No. 15-13764 (E.D. Mich. Oct. 29, 2015), *Foreman v. Terris*, No. 14-14925 (E.D. Mich. April 27, 2015); *Foreman v. Terris*, No. 14-13336 (E.D. Mich.


Sept. 17, 2014); *Foreman v. Terris*, No. 13-12154 (E.D. Mich. July 12, 2013); *Foreman v. Terris*, No. 13-10734 (E.D. Mich. March 20, 2013). The Sixth Circuit has denied authorization for the petitioner to proceed on a second or successive motion to vacate sentence under § 2255. *In re Foreman*, No. 14-1478 (6th Cir. Oct. 27, 2014).

An individual seeking to file a second or successive motion under section 2255 must first ask the court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. §§ 2255(h), 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Congress has vested in the court of appeals a screening function that the district court would have performed otherwise. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). When a defendant files a second or successive motion to vacate his sentence in the district court without preauthorization from the court of appeals, the district court must transfer the motion papers to the court of appeals. *See* 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed"); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

The petitioner cannot proceed with his present motion without first obtaining permission to file a second or successive motion to vacate or correct sentence from the court of appeals. Therefore, the Clerk of Court is ordered to transfer the motion papers to the court of appeals pursuant to *In re Sims* and 28 U.S.C. § 1631.

Accordingly, it is **ORDERED** that the Clerk of Court shall **TRANSFER** the petitioner's motion to vacate his sentence [dkt. #1] to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

It is further **ORDERED** that the petitioner's motion for release on bail [dkt. #8] and motion to file excess pages in his reply brief [dkt. #11] are **DENIED** without prejudice to renewal of those requests before the court of appeals.

                                         s/David M. Lawson
                                         DAVID M. LAWSON
                                         United States District Judge

Dated:   January 6, 2017

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 6, 2017.

                              s/Susan Pinkowski
                              SUSAN PINKOWSKI